IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KELVIN WARREN, | : | PRISONER CIVIL RIGHTS |
| LE #1244376, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-1371-TWT-ECS |
| CLAYTON COUNTY, et al., | : | |
| Defendants. | : | |

**FINAL REPORT AND RECOMMENDATION**

Kelvin Warren is in pretrial detention in the Clayton County Jail. During prior periods of incarceration, Mr. Warren has filed many federal civil rights lawsuits. Those suits have been dismissed on various grounds, including: (1) failure to comply with court orders, see Warren v. Henry Cnty. Jail, No. 1:13-CV-2148-TWT (N.D. Ga. Jun 26, 2013); (2) failure to prosecute, see Warren v. Crosby, No. CV504-085 (S.D. Ga. Nov. 20, 2006) [Doc. No. 47 therein] (available on www.pacer.gov); (3) failure "to establish a 'logical relationship' between the various claims," even after amendment, see Warren v. Bezar, No. CV504-033(S.D. Ga. Aug. 16, 2004) [Doc. No. 21 therein] (available on www.pacer.gov); and (4) most significantly, failure to state a claim upon which relief may be granted, see Warren v. Doctor, No. CV503-098 (S.D. Ga. Oct. 24, 2003) [Doc. Nos. 8, 14 therein] (available on www.pacer.gov); Warren v. Short, No. CV503-069 (S.D. Ga. Sept. 16, 2004) [Doc. Nos. 6, 11 therein] (available on www.pacer.gov).

AO 72A
(Rev.8/82)

As a result of his prior litigation history, Mr. Warren has already accumulated two "strikes" for purposes of 28 U.S.C. § 1915(g).  If and when Mr. Warren receives a third "strike," he will lose the ability to file any more lawsuits in forma pauperis while incarcerated, unless he can plausibly allege that he is in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

This matter is now before the Court on Mr. Kelvin's latest complaint, a rambling 53-page document.  See [Doc. No. 1].  Because Mr. Warren's complaint does not comply with Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement and is instead a "shotgun pleading" that is "replete with factual allegations that could not possibly be material to any of the causes of action they assert," Pelletier v. Zweifel, 921 F.2d 1465, 1517-18 (11th Cir. 1991), the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.[1]  See also PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010) (collecting cases condemning shotgun pleadings and observing

---

[1] The statute of limitations on Mr. Warren's claims has not yet run out, nor is there an imminent risk that it will. Here, "[a] dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file the action." Hines v. Thomas, No. 13-14184, 2015 U.S. App. LEXIS 3140, at *10 (11th Cir. Mar. 2, 2015).

that such "pleadings impede the administration of the district court's civil dockets in countless ways").

The undersigned further **RECOMMENDS** that Mr. Warren's request for permission to proceed in forma pauperis [Doc. No. 2] be **DENIED WITHOUT PREJUDICE**.

The undersigned advises Mr. Warren to weigh carefully the risks and benefits of refiling this lawsuit – especially with respect to the "three strikes" provision of 28 U.S.C. § 1915(g) – before deciding how to proceed.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 29th day of April, 2015.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
KELVIN WARREN,                 :    PRISONER CIVIL RIGHTS
LE #1244376,                   :    42 U.S.C. § 1983
     Plaintiff,                :
                               :
     v.                        :    CIVIL ACTION NO.
                               :    1:15-CV-1371-TWT-ECS
CLAYTON COUNTY, et al.,        :
     Defendants.               :
```

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.  Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order.  Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be

AO 72A
(Rev.8/82)

limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 29th day of April, 2015.

 

                                       ***S/ E. Clayton Scofield III***
                                       E. CLAYTON SCOFIELD III
                                       UNITED STATES MAGISTRATE JUDGE